**Affirmed as Modified; Opinion Filed August 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-12-00671-CR

**DEMARKO DEON COOPER, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 1**
**Dallas County, Texas**
**Trial Court Cause No. F11-27720-H**

# MEMORANDUM OPINION
Before Justices Lang, Myers, and Evans
Opinion by Justice Evans

A jury convicted Demarko Deon Cooper of aggravated robbery with a deadly weapon and sentenced him to fifty years' confinement. Appellant complains that he received ineffective assistance of trial and that the judgment should be modified to properly reflect his plea to the enhancement paragraphs in the case. We affirm the judgment as modified. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

A surveillance video from the Dash-In Grocery that was admitted into evidence showed a man in a red baseball cap committing robbery with a deadly weapon in the store and then running from the scene, losing his cap as he flees. Forensic testing of the cap showed appellant

to be the major DNA contributor of the DNA taken from it. An accomplice to the robbery told the investigating officer that a "Marco" had been wearing the cap and had acted as the gunman during the robbery. One of the store's owners also identified appellant as the robber in a photographic lineup, although he had identified a non-suspect as the robber in a previous photographic lineup that did not contain appellant's photograph. The investigating officer in the case testified about how he developed the initial suspects in the case and how he ultimately came to arrest appellant. Some of the officer's testimony pertained to information he was given by third parties and an accomplice to the offense.

Appellant complains in his first point of error that he received ineffective assistance of counsel because his attorney failed to object to hearsay testimony given by the officer. He particularly complains the officer testified about (1) information he had received from a Richardson police officer about how the Richardson officer located the vehicle that had been used in the offense; (2) information he had received from the vehicle's owner about whom she had loaned it to; (3) information from an accomplice to the crime implicating a "Marco" in the offense; (4) information the officer learned from occupants of an apartment complex in his search for "Marco" and where he might live; and (5) information from another officer identifying "Marco" as appellant.

To prevail on his claim of ineffective assistance of counsel, appellant must show his counsel's representation fell below an objective standard of reasonableness and there is a reasonable probability the results of the proceedings would have been different in the absence of counsel's errors. *Strickland v. Washington*, 466 U.S. 668, 687–88, 694 (1984); *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002). Appellant has the burden of proving ineffective assistance of counsel by a preponderance of the evidence. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Failure to make the required showing either

of deficient performance or sufficient prejudice defeats an ineffectiveness claim. *See Andrews v. State*, 159 S.W.3d 98, 101 (Tex. Crim. App. 2005).

We ordinarily will not declare trial counsel ineffective where there is no record showing counsel had an opportunity to explain himself. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Without evidence of the strategy employed, we will presume sound trial strategy. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Texas procedure makes it "virtually impossible" for appellate counsel to present an adequate ineffective assistance of trial counsel claim on direct review. *Trevino v. Thaler*, 569 U.S ____, ____, 133 S. Ct. 1911, 1918 (2013). This is because the inherent nature of most ineffective assistance of trial counsel claims means that the trial court record "will often fail to 'contai[n] the information necessary to substantiate' the claim." *Id.* (quoting *Ex parte Torres*, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997) (en banc)).

The record before us contains no discussion of trial counsel's reasons for refraining from objecting to the complained-of testimony. As the State notes in its reply brief, it is possible defense counsel chose not to object to the testimony because he knew the State could elicit the same evidence through the testimony of the assorted witnesses, and he thought such testimony would be more damaging to appellant's case. *See Ortiz v. State*, 93 S.W.3d 79, 95 (Tex. Crim. App. 2002). Appellant has failed to meet his burden of proving ineffective assistance of trial counsel in his case. We overrule his first point of error.

In his second point of error, appellant asserts that the trial court's judgment should be modified to reflect that he entered pleas of not true to the two enhancement paragraphs in his case. The State agrees. The judgment currently states that appellant pleaded true to the enhancement paragraphs, but the court reporter's record makes clear he entered a plea of not true to each enhancement paragraph. We have the authority to modify the trial court's judgment to

make the record speak the truth. *See Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd); TEX. R. APP. P. 43.2(b). We therefore sustain appellant's second point of error and modify the judgment to reflect that appellant entered a plea of not true to each of the enhancement paragraphs.

We affirm the trial court's judgment as modified.

/David Evans/
DAVID W. EVANS
JUSTICE

Do Not Publish
TEX. R. APP. P. 47
120671F.U05



## Court of Appeals
## Fifth District of Texas at Dallas
# JUDGMENT

DEMARKO DEON COOPER, Appellant

No. 05-12-00671-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District Court
No. 1, Dallas County, Texas
Trial Court Cause No. F11-27720-H.
Opinion delivered by Justice Evans.
Justices Lang and Myers participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** to reflect that appellant pleaded NOT TRUE to each of the two enhancement paragraphs.

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 26th day of August, 2013.

/David Evans/

DAVID EVANS
JUSTICE